IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVON HENDERSON, | No. 4:22-CV-00206 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

**MEMORANDUM OPINION**

FEBRUARY 15, 2023

This is a tort case brought by a prisoner of the United States Bureau of Prisons ("BOP") pursuant to the Federal Tort Claims Act ("FTCA").[1] Plaintiff, Davon Henderson, who is incarcerated in the Schuylkill United States Federal Correctional Institution, ("FCI-Schuylkill"), Minersville, Pennsylvania, alleges that the negligence of BOP employees causes him to be exposed to COVID-19.[2] Defendant, the United States of America,[3] has moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.[4] The motion will be granted, and the case will be dismissed without prejudice for lack of jurisdiction.

---

[1] Doc. 1.
[2] *Id*.
[3] The United States is the only proper defendant in an FTCA case. *See, e.g., Priovolos v. FBI*, 632 F. App'x 58, 60 (3d Cir. 2015) (citing *CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008)).
[4] Doc. 17.

I. **FACTUAL BACKGROUND & PROCEDURAL HISTORY**

On October 25, 2021, Henderson initiated this case through the filing of a complaint in the United States District Court for the District of Columbia.[5] Henderson's claims arise from his incarceration in FCI-Schuylkill, which began on August 1, 2020.[6] According to the allegations in the complaint, FCI-Schuylkill employees failed to comply with safety guidelines issued by the Centers for Disease Control and Prevention ("CDC") to mitigate the spread of COVID-19.[7] FCI-Schuylkill officials were allegedly aware that Henderson's obesity and sickle cell trait placed him at high risk of severe infection from COVID-19.[8] The complaint alleges that FCI-Schuylkill officials' failure to take precautionary measures to prevent or stop the spread of COVID-19 caused Henderson to be exposed to the virus in March 2021 and September 2021.[9] The complaint alleges that this failure amounts to negligence and negligent infliction of emotional distress.[10] Henderson seeks $850,000 in damages.[11]

---

[5] Doc. 1.
[6] *Id*.
[7] *Id*.
[8] *Id*. at 6-7.
[9] *Id*. at 7.
[10] *Id*. at 8-10.
[11] *Id*. at 11.

By Order dated January 18, 2022, the District of Columbia District Court transferred the instant action to the Middle District[12], where it was received, filed, and docketed on February 11, 2022.[13]

Defendant moved to dismiss the complaint on May 17, 2022.[14] Defendant seeks dismissal for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), or, alternatively, dismissal for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[15] Briefing on the motion is complete and it is now ripe for disposition.[16]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a claim for lack of subject matter jurisdiction.[17] Such jurisdictional challenges take one of two forms: (1) parties may levy a "factual" attack, arguing that one or more of the pleading's factual allegations are untrue, removing the action from the court's jurisdictional ken; or (2) they may assert a "facial" challenge, which assumes the veracity of the complaint's allegations but nonetheless argues that a claim is not within the court's jurisdiction.[18] Courts may grant a Rule 12(b)(1)

---

[12] Doc. 7.
[13] Doc. 8.
[14] Doc. 17.
[15] Doc. 18.
[16] Docs. 18-20.
[17] *See* Fed. R. Civ. P. 12(b)(1).
[18] *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (quoting *CNA v. U.S.*, 535 F.3d 132, 139 (3d Cir. 2008).

motion based on the legal insufficiency of a claim only when it appears with certainty that assertion of jurisdiction would be improper.[19]

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted.[20] When ruling on a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."[21]

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the ... claim is and the grounds upon which it rests."[22] To test the sufficiency of the complaint, the court conducts a three-step inquiry.[23] In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' "[24] Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded.[25] Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for

---

[19] *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).
[20] Fed. R. Civ. P. 12(b)(6).
[21] *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).
[22] *Phillips*, 515 F.3d at 232 (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[23] *See Santiago v. Warminster Township*, 629 F.3d 121, 130-31 (3d Cir. 2010).
[24] *Id*. at 130 (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)).
[25] *Id*. at 131-32; *see Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

relief."[26]  A claim is facially plausible when the plaintiff pleads facts "that allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[27]

Courts must liberally construe complaints brought by pro se litigants.[28] *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[29]

## III. DISCUSSION

The Court will first address Defendant's jurisdictional argument.  The FTCA "provides a mechanism for bringing a state law tort action against the federal government in federal court."[30]  The statute operates as a limited waiver of the federal government's sovereign immunity.[31]  Under the discretionary function exception, however, claims that are "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty ... whether or not the discretion involved be abused" are not cognizable as FTCA claims.[32]  District courts lack subject matter jurisdiction to consider FTCA claims that are barred by the discretionary function exception.[33]

---

[26] *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937 (citing *Twombly*, 550 U.S. at 556).
[27] *Iqbal*, 556 U.S. at 678.
[28] *Sause v. Bauer*, 585 U.S. ——, 138 S. Ct. 2561, 2563, 201 L.Ed.2d 982 (2018).
[29] *Erickson v. Pardus*, 551 U.S. 89, 94, 127 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 (1976)).
[30] *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 362 (3d Cir. 2001).
[31] *Rinaldi v. United States*, 904 F.3d 257, 273 (3d Cir. 2018) [*Rinaldi II*].
[32] *Id*. (alteration in original) (quoting 28 U.S.C. § 2680(a)).
[33] *Mitchell v. United States*, 225 F.3d 361, 366 (3d Cir. 2000).

A two-prong test is applied to determine whether the discretionary function exception should be employed.[34] At the first step, the Court must determine whether the challenged conduct involves an element of discretion.[35] If so, the Court must determine at the second step whether the discretion is "the kind that the discretionary function exception was designed to shield."[36]

Both prongs of the discretionary function exception are satisfied in this case. The conduct at issue—prison officials' alleged failure to keep Henderson safe—is governed by 18 U.S.C. § 4042(a)(2).[37] Several panels of our Court of Appeals have held that Section 4042 leaves the implementation of the statute to the discretion of BOP officials.[38] This Court agrees with these panels' *ratio decidendi* and concludes that Section 4042(a)(2) involves an element of discretion. The Court also concludes that this discretion is of the type contemplated by the discretionary function exception, as decisions regarding prison safety and security

---

[34] *Rinaldi II*, 904 F.3d at 273.
[35] *Id*.
[36] *Id*. (quoting *Mitchell*, 225 F.3d at 363).
[37] *See* Doc. 1 at 8, alleging that Defendant owed Henderson a duty of care under Section 4042.
[38] *See Brooks v. Bledsoe*, 682 F. App'x 164, 167 (3d Cir. 2017); *Ruiz v. United States*, 664 F. App'x 130, 133 (3d Cir. 2016); Sargent v. United States, 620 F. App'x 69, 71 (3d Cir. 2015); *Hernandez v. United States*, 608 F. App'x 105, 110 (3d Cir. 2015); *Thrower v. United States*, 528 F. App'x 108, 111 (3d Cir. 2013); *Rinaldi v. United States*, 460 F. App'x 80, 81 (3d Cir. 2012) [*Rinaldi I*]; *Donaldson v. United States*, 281 F. App'x 75, 77 (3d Cir. 2008). The court acknowledges that nonprecedential decisions are not binding upon federal district courts. Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's ratio decidendi.

are generally left to the discretion of prison officials and shielded from FTCA liability.[39]

Therefore, this Court concludes that it lacks subject matter jurisdiction to decide Henderson's FTCA claims under the discretionary function exception. Having reached this conclusion, I will dismiss the case and will not consider Defendant's alternative argument that the complaint fails to state a claim upon which relief may be granted.

## IV. CONCLUSION

Based on the foregoing, Defendant's motion to dismiss will be granted and the case dismissed without prejudice for lack of subject matter jurisdiction.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[39]  *See Rinaldi II*, 904 F.3d at 273-74.